STATE OF MAINE

YORK, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-01-320

PAF - YOR- 5/30/2002

KATHLEEN M. LOCKROW,

Plaintiff

DONALD L. GARBRECHT
LAW LIBRARY

v.                                              ORDER            JUN 18 2002

BIDDEFORD-SACO COUNTRY CLUB,

Defendant

The plaintiff filed a four count complaint and the defendant has moved to dismiss Count I, breach of contract, and Count II, promissory estoppel.

Count I will not be dismissed as it may be the case that the alleged contract is one for other than employment at will. It is not clear, based solely on a review of the complaint, that the plaintiff could not be entitled to some relief on this count.

Count II will be dismissed as a claim for promissory estoppel, in the context of this employment dispute, is not compatible with Maine law. *Bard v. Bath Iron Works Corp.*, 590 A.2d 152, 155 (Me. 1991). If an employee, absent contractual provisions to the contrary, can be fired for non-discriminatory reasons at any time without just cause then it would be pointless to adopt the doctrine of promissory estoppel forcing the person to be hired only to be let go immediately thereafter. Likewise if there can be no damages for a firing there can be no damages for not completing a hiring.

The entry is:

Count II of the complaint is dismissed.

Dated:     May 30, 2002

Paul A. Fritzsche
Justice, Superior Court

Louis B. Butterfield, Esq. - PL
Eric J. Uhl, Esq.   -   DEF